# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-776V
**Filed: January 27, 2017**

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| HUEY HAMPTON, | * | |
| | * | UNPUBLISHED |
| Petitioners, | * | |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Mary T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioners.
Traci R. Patton, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 8, 2013, Huey Hampton ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa- 10 to -34 (2012). Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on October 14, 2010, he suffered Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"). Petition at Preamble. On August 11, 2016, the parties filed a stipulation stating that a decision should be entered awarding compensation. A decision awarding petitioner compensation pursuant to the terms of the stipulation was issued August 12, 2016.

On January 8, 2017, petitioner filed a motion for attorneys' fees and costs, requesting $40,539.01 in attorneys' fees and $11,455.99 in attorneys' costs, for a total of $51,995.00 in attorneys' fees and costs. Petitioner's ("Pet.") Application ("App.") at 1. In accordance with General Order #9, petitioner states that he did not incur any costs related to the prosecution of this petition. See Pet. Ex. 14, General Order #9 Statement. Respondent filed a response to

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

petitioners' application on January 26, 2017, stating that respondent "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Respondent's Response at 3. Petitioner filed a reply on January 26, 2017, reiterating his request for $51,995.00 in attorneys' fees and costs.

## I. Reasonable Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. The determination of reasonable attorneys' fees and costs is within the special master's discretion. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special masters may rely on their prior experience in reviewing fee applications. See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502 at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton, 3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

### i. Hourly Rates

Petitioner requests the following hourly rates:

Ailona Parker:
    $140.00 (2016)

Andrew Pinon:
    $207.40 (2016)

Anna Sweeney:
    $192.60 (2013)
    $200.00 (2014-2015)

    Bria Wilson:
        $135.00 (2015)
        $140.00 (2016)

    Keri Congiusti:
        $130.01 (2012-2013)
        $135.00 (2014-2015)
        $140.00 (2016)

    Latashia Vauss:
        $135.00 (2015)
        $140.00 (2016)

    Mark Sadaka:
        $337.05 (2012-2013)
        $350.00 (2014-2015)
        $362.95 (2016)

    Melina Fotiou:
        $140.00 (2016)

    Morgan Browning:
        $207.40 (2016)

    Nashwa Shalaby:
        $135.00 (2015)

    Nicole Clauberg:
        $130.01 (2013)

Pet. Mot., Ex. A, at 25-26.

       The issue of reasonable forum rates was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The requested rates are consistent with McCulloch as well as the rates recently awarded Mr. Sadaka, his associates, and his paralegals in other recent cases. See Berenji v. Sec'y of Health & Human Servs., No. 14-699V, 2016 WL 6818883 (Fed. Cl. Spec. Mstr. Oct. 21, 2016); Purgason v. Sec'y of Health & Human Servs., No. 12-465V, 2016 WL 4013680, at *2 (Fed. Cl. Spec. Mstr. June 30, 2016). The undersigned finds the requested rates reasonable.[2]

---

[2] The undersigned notes that while the discussion of counsel's experience outside of the Vaccine Program contained in counsel's affidavit is interesting, it should not come at the expense of explicitly stating the most basic information necessary to evaluate attorneys' fees. For future reference, in the body of the fee petition, petitioner's counsel should state his hourly rate and that of each associate and paralegal for whom payment is sought. For the attorneys, date of bar admission should be stated and for the paralegals

### ii. Hours Expended

On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable. In addition, the undersigned notes that much of the work on this case was performed by paralegals at paralegal rates. <u>See generally</u>, Pet. Mot., Ex. A.

### iii. Costs

Petitioner request $11,455.99 in attorneys' costs. Pet. Mot., Ex. A, at 26-27. The requested costs consist primarily of medical records, the filing fee, and the costs of a life care plan and an economic loss report. <u>See generally</u>, Pet. Mot., Ex. B. The undersigned finds the requested costs reasonable.

## II. Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of $51,995.00 reasonable.

Pursuant to 42 U.S.C. § 300aa-15(e), the undersigned awards attorneys' fees and costs as follows:

> **(1) A lump sum of $51,995.00 in the form of a check payable jointly to petitioner and petitioner's attorney, Mark T. Sadaka, of Mark T. Sadaka, LLC, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

the educational background and number of years doing paralegal or related work should be set forth. Special qualifications like nursing degrees and experience should also be stated.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.